IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY FEEZOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PNS STORES, INC. dba BIG LOTS #4457; SAVE MART SUPERMARKETS,<br><br>　　　　　Defendant.[1] | 2:11-cv-01924-GEB-CKD<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

　　　　　The status (pretrial scheduling) conference scheduled for hearing on October 31, 2011, is vacated since the parties' Joint Status Report filed on October 17, 2011 ("JSR") indicates the following Order should issue.

　　　　　SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

　　　　　Plaintiff states he is in the process serving a defendant that is not named in the Complaint "within the next 21 days[;]" therefore, this statement is disregarded. (JSR 2:4-6.)

　　　　　No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court for good cause shown.

---

[1] The caption has been amended according to the voluntary dismissal of Defendant Halcorp. dba Vans Ace Hardware filed September 22, 2011. (ECF. No. 11.)

1

## DEFAULT PROCEEDINGS

A review of the docket indicates Defendant Savemart Supermarkets was served on August 22, 2011 and its answer was due on September 12, 2011. Plaintiff shall take the steps necessary to prosecute his claims against this defendant as a default matter. Plaintiff shall either file whatever documents are required to prosecute his claims against this defendant as a default matter or Show Cause in a writing filed why this defendant should not be dismissed for failure of prosecution no later than 4:00 p.m. on March 12, 2012.

Also, **a further status conference is scheduled to commence at 9:00 a.m. on March 26, 2012.** Plaintiff shall file a status report fourteen (14) days prior to the status conference in which Plaintiff is only required to explain the status of the default proceedings.

## DISCOVERY

All discovery shall be completed by April 16, 2013. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before November 16, 2012, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before December 17, 2012.

///
///

MOTION HEARING SCHEDULE

The last hearing date for motions shall be June 3, 2013, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 230(b). Opposition papers shall be filed in accordance with Local Rule 230(c). **Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily**. <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for August 5, 2013, at 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing <u>in propria persona</u> must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one

---

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[3] The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and shall estimate the length of the trial.[4] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on November 5, 2013.

Dated: October 21, 2011

GARLAND E. BURRELL, JR.
United States District Judge

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[4] If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

4